THE ATTORNEY GENERAL
OF TEXAS
AUSTIN, TEXAS 78711
May 19, 1966



WAGGONER CARR
ATTORNEY GENERAL

Honorable Henry Wade
District Attorney
Dallas County
Dallas, Texas

Opinion No. C-688

Re: Assessment of costs in
    Misdemeanors

Dear Mr. Wade:

In an opinion request of this office you pose the following questions:

"1.  What are the fees taxable against a defendant on conviction of a criminal misdemeanor offense in the following instances:

a)  Issuance of traffic ticket only.
b)  Issuance of a traffic ticket and subsequent execution of warrant of arrest or capias.
c)  Jail commitment
d)  Jail release

"2.  Is it mandatory that Dallas County charge court costs against the accused, and attempt to collect such costs, in a peace bond proceeding when a Justice of the Peace places the accused under peace bond?"

Article 53.01 (1), Vernon's Code of Criminal Procedure, provides as follows:

"The following fees shall be allowed the sheriff or other peace officer performing the same services in misdemeanor cases, to be taxed against the defendant on conviction:

"1.  For executing each warrant of arrest or capias or making arrest without warrant, $3.00."

When a law enforcement officer stops a person for a traffic offense and issues to him a traffic ticket, it is the opinion of this office that Section (1) above quoted is applicable and that a fee of $3.00 is taxable against a defendant upon conviction, for the making of the arrest without

a warrant of arrest in connection with the issuance of a traffic ticket.

When a traffic ticket is issued by a law enforcement officer and it subsequently becomes necessary to issue a warrant of arrest or capias for the defendant, it is our opinion that Article 53.01 (1) would cause two fees of $3.00 each to be taxable against the defendant upon his conviction, or a total of $6.00 for arrest fees, because of the initial arrest without a warrant and because of the subsequent execution of the warrant of arrest upon his failure to appear.

Article 53.01 (5) provides for a fee of $2.00 for each commitment or release. It is our opinion that this is applicable in misdemeanor offenses and if a person is committed to jail as a result of his conviction of a misdemeanor offense, the fee set out in 53.01 (5) should be taxed against him. The same $2.00 fee is applicable in misdemeanor cases when a person is released from jail.

Article 7.14, Vernon's Code of Criminal Procedure, relating to peace bond proceedings, states as follows:

> "If the accused is found subject to the charge and required to give bond, the costs of the proceedings shall be adjudged against him."

In view of this provision, it is our opinion that court costs should be taxed against the accused in peace bond proceedings and an attempt should be made to collect such costs from the accused, in the event the accused is found subject to the charge and required to give bond.

## S U M M A R Y

Article 53.01 (1) is applicable to misdemeanor cases when an arrest is made without a warrant of arrest and a traffic ticket is issued and a fee of $3.00 should be taxed for such arrest. Article 53.01 (1) provides for a fee of $3.00 for each arrest, whether the arrest was made with or without a warrant of arrest. Article 53.01 (5) provides for a fee of $2.00 to be taxed against defendants in misdemeanor cases for each commitment and each release from custody. Article 7.14 requires that costs be adjudged against the accused in a peace bond proceeding, if the accused is found subject to the charge and required to give bond.

Yours very truly,

WAGGONER CARR
Attorney General of Texas

By ~~Sam Kelley~~

Sam Kelley
Assistant Attorney General

SK/lh

APPROVED

OPINION COMMITTEE

W. V. Geppert, Chairman
Lonny Zwiener
John Banks
Milton Richardson
Dunklin Sullivan

APPROVED FOR THE ATTORNEY GENERAL
BY:  T. B. Wright